

**FILED**

DEC 2 1 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAVIER LOPEZ CALDERON, | ) | Case No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| D.K. SISTO, Warden, | ) | |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

'07 CV 2422 LAB JMA

```
2254 ✓  1983
FILING FEE PAID
Yes___   No ✓
IFP MOTION FILED
Yes ✓    No___
COPIES SENT TO
Court ✓   ProSe___
```

PETITION FOR WRIT OF HABEAS CORPUS, BRIEF
AND EXHIBITS IN SUPPORT THEREOF

JAVIER LOPEZ CALDERON

V-74963 Facility 2-8-146
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner IN PRO SE
JAVIER LOPEZ CALDERON

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JAVIER LOPEZ CALDERON,            )          Case No.
                                  )
                Petitioner,       )
                                  )
vs.                               )
                                  )
D.K. SISTO, Warden,               )
                                  )
a person having custody           )
of petitioner,                    )
                                  )
                Respondent.       )
_____)

SOUTHERN DISTRICT APPROVED FORM

JAVIER LOPEZ CALDERON
NAME
V - 74963   B-146
PRISON NUMBER
SOLANO STATE PRISON
P.O. BOX 4000
CURRENT ADDRESS OR PLACE OF CONFINEMENT
VACAVILLE, CALIFORNIA
CITY, STATE, ZIP CODE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JAVIER LOPEZ CALDERON
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

D.K. SISTO, WARDEN,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

_____,

The Attorney General of the State of
California, Additional Respondent.

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   ORANGE COUNTY SUPERIOR COURT

2. Date of judgment of conviction: JANUARY 19, 2005

3. Trial court case number of the judgment of conviction being challenged: _____
   83CF01254

4. Length of sentence: 19 years to life, modified
   on appeal to 17 year to life

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: *UNKNOWN — Life Sentence No release date.*

6. Offense(s) for which you were convicted or pleaded guilty (all counts): *Murder 2nd degree (Penal Code, § 187) + personal use of weapon/gun (Penal Code, § 12022.5(e))*

7. What was your plea? (CHECK ONE)
   (a) Not guilty    ☑
   (b) Guilty    ☐
   (c) Nolo contendere    ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury    ☑
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes  ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: *Sentence modified Judgment affirmed.*
    (b) Date of result, case number and citation, if known: *July 27, 2006 G 035359*
    (c) Grounds raised on direct appeal: *Please see attached Petition pp. 2-3*

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: *Petition for review denied*
    (b) Date of result, case number and citation, if known: *October 11, 2006 Case Number unknown*
    (c) Grounds raised: *Please see Petition, p. 3*

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____ *N/A* _____

    (b) Date of result, case number and citation, if known: _____

_____

    (c) Grounds raised: _____

_____

_____

_____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: _____

    (b) Nature of proceeding: _____

_____

    (c) Grounds raised: _____

_____

_____

_____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: _____

    (b) Nature of proceeding: _____

        _____

    (c) Grounds raised: _____

        _____

        _____

        _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☑ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: _____

    (b) Nature of proceeding: _____

        _____

    (c) Grounds raised: _____

        _____

        _____

        _____

        _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A all claims properly exhausted.

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☑ Yes ☐ No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? _____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) **GROUND ONE:** Please see Petition, p. 9; see also exhibit A.

**Supporting FACTS** (state *briefly* without citing cases or law) Same as above.

Did you raise **GROUND ONE** in the California Supreme Court?
☑ Yes ☐ No.

**(b)** **GROUND TWO:** _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**
☐ Yes ☐ No.

(c) **GROUND THREE**: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☑ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☑ No
   (a) If so, give name and location of court that imposed sentence to be served in the future:
   _____

   (b) Give date and length of the future sentence: _____
   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
   _December 7, 2007_ _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_December 7, 2007_     _____
(DATE)                 SIGNATURE OF PETITIONER

JAVIER CALDERON
V-74963 Facility 2-8-146
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PRO SE**
**JAVIER LOPEZ CALDERON**


IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| JAVIER LOPEZ CALDERON, | ) | Case No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| D.K. SISTO, Warden, | ) | |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | [28 U.S.C. § 2254] |
| | ) | |
| Respondent. | ) | |
| | ) | |

TO:  THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. § 2254, above-named petitioner, **JAVIER LOPEZ CALDERON** (hereinafter "Petitioner"), proceeding without the appointment of trained counsel, respectfully petitions this Court for a petition for writ of habeas corpus, and by this verified petition, sets forth the following facts an causes for the issuance of said writ.

I

Petitioner is unlawfully confined by the Warden at Solano

-1-

State Prison in Vacaville, California, D.K. Sisto. Petitioner is serving a term of imprisonment of 19 years to life, which was unlawfully imposed by the Superior Court for the County of Orane, in case number 83CF01254.

## II

By information filed on November 18, 2003, Petitioner was charged with the murder of Daniel Mejia, a violation of Penal Code, § 187. The information also alleged that Petitioner personally used a firearm in the commission of murder, in violation of Penal Code, § 12022.5.

Trial was by jury after Petitioner's Miranda motion was denied. Petitioner was convicted o second degree murder with personal use of a firearm. On March 25, 2005, Petitioner was sentenced to prison for 15 years to life for the murder conviction and a 4-year consecutive term for the gun use allegation. Notice of appeal was timely filed.

## III

On Appeal, Petitioner raise the following claims:

I. THE MURDER CONVICTION SHOULD BE REVERSED BECAUSE DEFENDANT'S EXTRAJUDICIAL STATEMENTS WERE OBTAINED IN VIOLATION OF MIRANDA AND ITS PROGENY, IN THAT (1) THE POLICE BEGAN A CUSTODIAL INTERROGATION WITHOUT FIRST ADVISING DEFENDANT OF HIS MIRANDA (2) WHEN THE MIRANDA RIGHTS WERE BELATEDLY GIVEN THEY WERE INADEQUATE AS A MATTER OF LAW; AND (3) ANY SO-CALLED EXPRESS OR IMPLIED WAIVER WAS NOT VOLUNTARILY, KNOWINGLY, OR INTELLIGENTLY MADE.

II. THE MURDER CONVICTION SHOULD BE REVERSED BECAUSE THE TRIAL COURT DENIED DEFENDANT HIS RIGHT TO A FULL AND FAIR MIRANDA HEARING, IN VIOLATION OF CALIFORNIA LAW AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

III. THE MURDER CONVICTION SHOULD BE REVERSED BECAUSE THE TRIAL COURT DEPRIVED DEFENDANT OF HIS "DURESS" DEFENSE WHEN IT INSTRUCTED THE JURY THAT DURESS WAS NOT A DEFENSE TO "MURDER."

IV. THE MURDER CONVICTION SHOULD BE REVERSED BECAUSE THE TRIAL COURT, IN RELYING UPON PEOPLE V. ANDERSON (2002) 28 CAL.4TH 767, TO DEPRIVE DEFENDANT O HIS "DURESS" DEFENSE TO TH CHARGED MURDER, DEPRIVED DEFENDANT OF EQUAL PROTECTION OF THE LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 7, OF THE CALIFORNIA CONSTITUTION.

V THE MURDER CONVICTION SHOULD BE REVERSED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO SUBMIT THE JURY A FULL "ACQUITTAL" VERDICT FORM, THEREBY FORCING THE JURY TO CONVICT DEFENDANT OF MURDER IF THE JURY FOUND DEFENDANT "NOT GUILTY" OF MANSLAUGHTER.

VI. THE COURT ERRED IN IMPOSING A RESTITUTION FINE PURSUANT TO PENAL CODE SECTION 1202.4 BECAUSE THE STATUTE WAS NOT OPERATIVE IN DECEMBER 1983 WHEN THE KILLING OCCURRED.

VII. THE 4-YEAR PRISON TERM FOR GUN USE MUST BE REDUCED TO 2 YEARS BECAUSE IN 1983 THE PUNISHMENT FOR PERSONAL USE OF A FIREARM WAS A FIXED 2-YEAR TERM.

On July 27, 2006, the Court of Appeal, in an unpublished opinion, affirmed the judgment. (Court of Appeal Case No. G035359.)

### IV

Petitioner filed a timely Petition for Review in the State high court arguing that:

REVIEW IS REQUIRED BECAUSE DEFENDANT'S MURDER CONVICTION IS BASED ON A CONFESSION ILLEGALLY OBTAINED IN VIOLATION O MIRANDA AND ITS PROGENY AFTER AN UNFAIR MIRANDA HEARING.

The California Supreme Court denied the Petition for Review on October 11, 2006.

-3-

**V**

Petitioner alleges and believes that the judgment of conviction and sentence are invalid and in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

**VI**

The contentions in support of this petition are fully set forth in the Memorandum of Points and Authorities as set forth in Petitioner's Petition for Review submitted to the California Supreme Court, and is attached hereto as Exhibit A, herein incorporated by reference. Additionally incorporated by reference here are the Clerk's and Reporter's Transcripts and matters of record in Superior Court Case No. 83CF01254. The Court is further asked to take judicial notice of the records on file in the Superior Court for the County of Orange and the California Supreme Court.

**VII**

All issues raised in this petition have been raised before the California Supreme Court. Specifically, all factual allegations and Constitutional claims have been presented to the state high court in the Petition for Review appended hereto as Exhibit A.

**VIII**

The California Court of Appeal affirmed Petitioner's conviction on July 27, 2006, in an unpublished opinion. Petitioner properly filed a Petition for Review in the California Supreme Court, which was denied on October 11, 2006. Thus, the

one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") did not begin until October 12, 2006. (28 U.S.C. § 2244(d)(1)(A).)

For the purposes of calculating the AEDPA clock, Petitioner is also afforded ninety (90) days to file a writ of certiorari in the United States Supreme Court after direct review. Hence, Petitioner's AEDPA clock does not begin to run until 455 days have expired. Here, the present federal application is within the time limitation.

## IX

Petitioner has not sought relief from any other Federal Court at any time since the initial proceedings in his criminal court ended in his conviction and sentence.

///

///

///

///

-5-

## P R A Y E R   F O R   R E L I E F

**WHEREFORE,** Petitioner prays that this Court:

1. Take judicial notice of the record in <u>People v.    Javier Lopez Calderon</u>, Superior Court Case No. 83CF01254; Court of Appeal Case No. G035359; and the Petition for Review, attached here as Exhibit A.

2. Order Respondent state to show cause why Petitioner is not entitled to the relief herein sought.

3. After full consideration of the issues raised in this petition, vacate the judgment and sentence imposed upon Petitioner.

4. Appoint counsel to represent Petitioner in this habeas proceeding and approve necessary expenses for a private investigator if circumstances deem it appropriate for a full and fair adjudication of the petition.

5. Order such other and further relief as this Court may deem necessary.

Date:

Respectfully submitted,

by: _Javier Calderon_____
JAVIER LOPEZ CALDERON
Petitioner In Pro Se

///
///
///
///

-6-

## V E R I F I C A T I O N

I, JAVIER LOPEZ CALDERON, do hereby declare under penalty of perjury as follows:

I am the Petitioner in the above-entitled habeas matter. The foregoing petition for writ of habeas corpus was translated from English to Spanish so I could understand its contents. Based upon said translation, I verify that the facts alleged herein are true to the best of my knowledge and belief, and that said allegations are supported by the record on direct appeal.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

This <u>Verification</u> was executed at Solano State Prison, Vacaville, California, on December 7, 2007.

_Javier Calderon_
JAVIER LOPEZ CALDERON
Petitioner In Pro Se

///
///
///

# A R G U M E N T

## Statement of Facts

For the purposes of this petition, Petitioner will rely on the statement of facts set forward in Exhibit A, the Petition for Review.

## M E M O R A N D U M   O F   L A W

### I. A PETITION FOR WRIT OF HABEAS CORPUS IS AN APPROPRIATE REMEDY FOR CHALLENGING UNLAWFUL RESTRAINT OF A PRISONER.

Title 28 of the United Sates Code, section 2254, provides for habeas corpus relief in Federal court to review the legality of state court criminal proceedings.

The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treatises of the United States. (See 28 U.S.C. § 22254 et seq.)

All legal issues set forth in this Petition for Writ of Habeas Corpus and supporting Memorandum of Points and Authorities have been raised and submitted to the California Supreme Court by way of direct appeal and relief has been denied as to each issue. Petitioner now raises these issues, stating violations of Federal Constitutional rights, before the United States District Court, Central District of California, and states that these issues are now properly before this Court. (See 28 U.S.C. § 2254; Rose v. Lundy, 455 U.S. 509, 510, 515-516, 520 (1982); O'Sullivan v. Boerckel, 526 U.S. 838, 89-840 (1999); Duncan v. Henry, 513 U.S. 364, 65-366 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982).)

///

-8-

II. FOR THE PURPOSE OF THIS PETITION AND JUDICIAL ECONOMY, PETITIONER ADOPTS AND INCORPORATES BY REFERENCE AS THOUGH FULLY SET FORTH HEREIN, THE MEMORANDUM OF POINTS AND AUTHORITIES SET FORTH IN EXHIBIT **A** - PETITION FOR REVIEW TO THE CALIFORNIA SUPREME COURT.

For the purpose of judicial economy, Petitioner hereby incorporates by reference as though fully set forth herein, the Memorandum of Points and Authorities presented to the California Supreme Court in Petitioner's Petition for Review.

///

///

///

///

## C O N C L U S I O N

Accordingly, for the reasons stated above, Petitioner submits he is entitled to the relief he seeks and as set forth in this Petition.  If this Court is not inclined to grant such relief, Petitioner requests an evidentiary hearing be granted.

Date:

Respectfully submitted,

*Javier Calderon*

by:_____
JAVIER LOPEZ CALDERON
Petitioner In Pro Se

///

///

///

///

-10-

J A V I E R   C A L D E R O N
V-74963 Facility 2-8-146
C.S.P. - Solano State Prison
Post Office Box 4000
Vacaville, California 95696-4000

Petitioner **IN PRO SE**
**JAVIER LOPEZ CALDERON**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAVIER LOPEZ CALDERON, | ) | Case **No.** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| D.K. SISTO, Warden, | ) | |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | |
| Respondent. | ) | |

## EXHIBITS IN SUPPORT THEREOF

Exhibit A

# TOPICAL INDEX

People v. Calderon                                              Page
Court of Appeal No. G035359

APPELLANT'S PETITION FOR REVIEW

ISSUES PRESENTED                                                  1

STATEMENT OF THE CASE AND FACTS                                  2

REVIEW IS REQUIRED BECAUSE DEFENDANT'S MURDER
CONVICTION IS BASED ON A CONFESSION ILLEGALLY
OBTAINED IN VIOLATION OF *MIRANDA* AND ITS
PROGENY AFTER AN UNFAIR *MIRANDA* HEARING.                        3

CONCLUSION                                                        6

APPENDIX

CERTIFICATE OF WORD COUNT

DECLARATION OF SERVICE

## TABLE OF AUTHORITIES

*In re Albert R.* (1980) 112 Cal.App.3d 783                       4

*In re Gilbert E.* (1995) 32 Cal.App.4th 1598                     5

*Miranda v. Arizona* (1966) 384 U.S. 436                          2

*People v. Arnold* (1967) 66 Cal.2d 433                           3

*People v. Bennett* (1976) 58 Cal.App.3d 230                      4

*People v. Ceccone* (1968) 260 Cal.App.2d 886                     3

i

*People v. Esqueda* (1993) 17 Cal.App.4th 1450      3

*People v. Honeycutt* (1977) 20 Cal.3d 150      3

*People v. Layton* (1972) 29 Cal.App.3d 349      3

*People v. Matthews* (1968) 264 Cal.App.2d 557      3

*People v. Memro* (1985) 38 Cal.3d 658      5

*People v. Montano* (1991) 226 Cal.App.3d 914      5

*People v. Neal* (2003) 31 Cal.4th 63      5

*People v. Rucker* (1980) 28 Cal.3d 368      3

*People v. Russell* (1968) 259 Cal.App.2d 637      3

*People v. Walker* (1972) 29 Cal.App.3d 448      4

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | ) Supreme Court No. _____ |
| | ) |
| Plaintiff and Respondent, | ) Court of Appeal No. G035359 |
| | ) |
| v. | ) Super. Ct. No. 83CF01254 |
| | ) |
| JAVIER LOPEZ CALDERON, | ) |
| | ) |
| Defendant and Appellant. | ) |

Appeal from the Superior Court of Orange County

Honorable Carla M. Singer, Judge

**APPELLANT'S PETITION FOR REVIEW**

**ISSUES PRESENTED**

Did the Court of Appeal err in failing to find:

(1) A *Miranda* violation because (a) the police began a custodial interrogation without first advising defendant of his *Miranda* rights, (b) when *Miranda* rights were belatedly given they were inadequate as a matter of law, and (c) any so-called express or implied waiver was not voluntarily, knowingly, or intelligently made.

(2) The trial court denied defendant his right to a full and fair *Miranda* hearing.

1

## STATEMENT OF THE CASE AND FACTS

In December 1983 Daniel Mejia was shot to death. Twenty years later, while in custody at a federal prison, defendant Javier Lopez Calderon confessed to shooting Mejia.

After a *Miranda* hearing (*Miranda v. Arizona* (1966) 384 U.S. 436), the trial court ruled defendant's confession did not violate *Miranda* and its progeny because there had been an "implied waiver." After hearing the confession, a jury found defendant guilty of second degree murder while personally using a firearm. He was sentenced to prison for 15 years to life for the murder with a 4-year consecutive sentence for the gun use.

On appeal, defendant argued he was denied his right to a full and fair *Miranda* hearing because the court excluded relevant defense cross-examination evidence and the court erred in denying the *Miranda* suppression motion. On July 27, 2006, the Court of Appeal issued an unpublished opinion affirming the murder conviction, the 15-to-life punishment, and the gun use finding, but it reduced the gun use punishment by two years and struck two restitution fines. (Appendix, Opn. pp. 2, 16.) In affirming the conviction and gun use finding, the

2

Court of Appeal decided the *Miranda* issues presented on appeal.

(Opn., pp. 4-9 [*Miranda* Waiver], pp. 9-10 [*Miranda* hearing].)

For purposes of this petition, the facts set forth in the opinion are adopted since they establish the errors of both the trial court and the Court of Appeal. (Opn., pp. 2-5, 8, 9-10.)

**REVIEW IS REQUIRED BECAUSE DEFENDANT'S MURDER CONVICTION IS BASED ON A CONFESSION ILLEGALLY OBTAINED IN VIOLATION OF *MIRANDA* AND ITS PROGENY AFTER AN UNFAIR *MIRANDA* HEARING.**

The police interrogation began without advisement of *Miranda* rights. (Opn. pp. 2-3.) It is well-established this practice violates *Miranda*. (*People v. Arnold* (1967) 66 Cal.2d 433, 448; *People v. Matthews* (1968) 264 Cal.App.2d 557, 566; *People v. Ceccone* (1968) 260 Cal.App.2d 886, 892; *People v. Russell* (1968) 259 Cal.App.2d 637, 645.) Advisement of rights after the custodial interrogation has begun does not suffice. *People v. Layton* (1972) 29 Cal.App.3d 349, 354-355.)

It is equally well-established that clever psychological ploys and softening-up interrogation techniques violate *Miranda*. (*People v. Rucker* (1980) 28 Cal.3d 368, 386; *People v. Honeycutt* (1977) 20 Cal.3d 150, 157; *People v. Esqueda* (1993) 17 Cal.App.4th 1450, 1484,

fn. 21; *In re Albert R.* (1980) 112 Cal.App.3d 783, 787-788.) Starting an interrogation of an in-custody suspect, becoming friendly with the suspect, and obtaining "consent" to be interrogated before ever advising him of *Miranda* rights is an unconscionable practice which violates *Miranda*. (*People v. Walker* (1972) 29 Cal.App.3d 448, 453; Opn., pp. 3, 4-6.)

Finally, the *Miranda* hearing record does not establish a knowing, voluntary, and intelligent waiver of *Miranda* rights, whether the alleged theory is express or implied waiver. (Opn., pp 7-8.)

Indeed, the trial court's ruling was based on an inadequate record because its erroneous evidentiary rulings deprived defendant of introducing relevant and material evidence on the subjects of both inadequate *Miranda* warnings and police intent to violate *Miranda*, either directly or indirectly, through ploys designed to prevent the in-custody suspect from making a voluntary, knowing, and intelligent decision to either assert or waive *Miranda* rights. (Opn., p. 10.) Defendant was denied a full and fair hearing (*People v. Bennett* (1976) 58 Cal.App.3d 230, 235-236) when he was denied an opportunity to establish through cross-examination that the police had deliberately

4

attempted to circumvent *Miranda* and its progeny and whether they had a policy or were acting on a policy or habit of attempting to violate constitutional rights. (See *People v. Neal* (2003) 31 Cal.4th 63, 68, 78, 81; *People v. Memro* (1985) 38 Cal.3d 658, 674, 681, 683-684, 690; *In re Gilbert E.* (1995) 32 Cal.App.4th 1598, 1601-1602; *People v. Montano* (1991) 226 Cal.App.3d 914, 934-935.)

The Court of Appeal's conclusion that inquiry into whether or not the interrogating officers knew that defendant had previously invoked his *Miranda* rights in a previous interview by the "feds" and the interrogating officers' failure to expressly request a waiver was designed as a ploy to avoid defendant from invoking his *Miranda* rights were "irrelevant" and not "obviously relevant" to the trial court is not supported by the record or logic. (Opn., p. 10.) This decision, as well as the erroneous conclusion by the Court of Appeal that there was no *Miranda* violation, needs to be reviewed by this Court.

Now, more than ever, it is important for California courts to protect the disadvantage, those unversed in English, and those who are easily susceptible to trickery and ploys of police officers who seek to obtain convictions by circumventing and nullifying federal and state

5

constitutional rights.  This is such a case.

## CONCLUSION

For the above reasons, this Court should grant review and decide

both of the issues presented for review.

Respectfully submitted,

Jeffrey J. Stuetz
Attorney at Law

Attorney for Defendant and
Appellant Javier Calderon

6

Declaration of
Service by Mail
[28 U.S.C. § 1746]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAVIER LOPEZ CALDERON, | ) | Case No. |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECLARATION OF |
| D.K. SISTO, Warden, | ) | SERVICE BY MAIL |
| | ) | |
| a person having custody | ) | |
| of petitioner, | ) | |
| | ) | |
| Respondent. | ) | [28 U.S.C. § 1746] |
| | ) | |

I, MARCOS ROGELIO JUAREZ, am a resident of the state of California, county of Solano. I am over the age of 18 years and not a party to the above-entitled matter. My prison address is: Solano State Prison, Post Office Box 4000, Vacaville, California 95696-4000. My prison identification number is J-91449.

On December 7, 2007, I served the foregoing: Petition for Writ of Habeas Corpus, Brief and Exhibits In Support Thereof, on the Court named below, by placing the original and one true and correct copy thereof, in a sealed envelope with postage fully paid thereon, and delivering said envelope and above-described legal papers to a duly authorized California Corrections Officer, as prescribed and so provided for the deposit of legal mail in the United States Mail at Solano State Prison.

    United States District Court
    Southern District of California
    Attn: Office of the Clerk
    750 "B" Street, Suite 300
    San Diego, California 92101-8189

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct, and that this declaration was executed at Solano State Prison, in Vacaville, California.

                    MARCOS ROGELIO JUAREZ
                    Declarant

///

///

///

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**
**DEC 2 1 2007**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254    1983

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes

COPIES SENT TO

Court    Press

**I (a) PLAINTIFFS**

Javier Lopez Calderon

DEFENDANTS

DK S...

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED  Solano
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Javier Lopez Calderon
PO Box 4000
Vacaville, CA 95696
V-75963

ATTORNEYS (IF KNOWN)

**'07 CV 2422 LAB JMA**

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) | |
|---|---|---|

| | | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|---|
| ☐1 U.S. Government Plaintiff | ☒3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| ☐2 U.S. Government Defendant | ☐4 Diversity (Indicate Citizenship of Parties in Item III | Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| | | Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒1 Original Proceeding  ☐2 Removal from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify)  ☐6 Multidistrict Litigation  ☐7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23     DEMAND $ _____     Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):     JUDGE _____     Docket Number _____

DATE    12/21/2007

SIGNATURE OF ATTORNEY OF RECORD

R. Miller